STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

July 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DANIEL J. LEWIS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0168**  (BOR Appeal No. 2047436)
(Claim No. 2002054783)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ISLAND FORK CONSTRUCTION, LTD.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Daniel J. Lewis, by Robert Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Gregory Evers, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 25, 2013, in which the Board affirmed a July 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 1, 2011, decision denying Mr. Lewis's request for a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Lewis filed an application for permanent total disability benefits on November 28, 2006, after sustaining multiple work-related injuries over the course of several years. He has undergone multiple independent medical evaluations in order to determine the amount of permanent impairment attributable to his compensable injuries.

On May 5, 2004, Alex Ambroz, M.D., performed an independent medical evaluation. He opined that Mr. Lewis sustained 12% whole person impairment for injuries to his lower back. Dr. Ambroz factored in a prior 25% permanent partial disability award for the right foot and an 8% permanent partial disability award for post-traumatic stress disorder, and concluded that Mr. Lewis sustained a total of 39% whole person impairment as a result of his compensable injuries. On June 2, 2004, Ryan Finkenbine, M.D., performed a psychiatric independent medical evaluation and opined that Mr. Lewis sustained 10% whole person impairment as a result of psychiatric disorders arising from his compensable injuries. On January 16, 2004, James Wiley, M.D., performed an independent medical evaluation and found that Mr. Lewis sustained 25% whole person impairment for reflex sympathetic dystrophy in the right lower extremity, 20% whole person impairment for injuries to his lumbar spine, and 8% whole person impairment for post-traumatic stress disorder. He then determined that Mr. Lewis sustained a total of 45% whole person impairment as a result of his compensable injuries.

On November 7, 2008, Charles Werntz III, D.O., performed an independent medical evaluation and found that Mr. Lewis sustained 8% whole person impairment for injuries to his lumbar spine, 0% whole person impairment for injuries to his thoracic spine, 8% whole person impairment for injuries to his cervical spine, and 6% whole person impairment for injuries to his right foot. He further found that there is no evidence of reflex sympathetic dystrophy in the right foot. He then concluded that Mr. Lewis sustained 20% whole person impairment as a result of his compensable injuries, exclusive of impairment attributable to psychiatric conditions.

On January 13, 2011, the Permanent Total Disability Review Board issued its final recommendations and determined that Mr. Lewis failed to meet the 50% whole person impairment threshold required for further consideration of permanent total disability benefits pursuant to West Virginia Code § 23-4-6(n)(1) (2005). The Permanent Total Disability Review Board found that Dr. Werntz's independent medical evaluation is reliable and credible, and further found that it is the most current and accurate assessment of Mr. Lewis's amount of whole person impairment. However, it found that Dr. Werntz erroneously concluded that Mr. Lewis has 0% whole person impairment for injuries to his thoracic spine, because the documented range of motion deficits in the thoracic spine exhibited during Dr. Werntz's independent medical evaluation are indicative of 5% whole person impairment for the thoracic spine. The Permanent Total Disability Review Board further found that Mr. Lewis sustained 10% whole person impairment as a result of psychiatric disorders arising from his compensable injuries. The Permanent Total Disability Review Board then determined that according to the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Mr. Lewis sustained 32% whole person impairment as a result of his compensable injuries.

The claims administrator denied Mr. Lewis's request for a permanent total disability award on February 1, 2011. On February 28, 2012, ChuanFang Jin, M.D., performed an

independent medical evaluation for the purpose of determining the amount of permanent impairment attributable to Mr. Lewis's right foot injuries. Dr. Jin found no sign of reflex sympathetic dystrophy in the right foot, and determined that Mr. Lewis sustained 6% whole person impairment as a result of his right foot injuries.

In its Order affirming the claims administrator's February 1, 2011, decision, the Office of Judges held that Mr. Lewis failed to meet the 50% whole person impairment threshold necessary for further consideration of a permanent total disability award pursuant to West Virginia Code § 23-4-6(n)(1). Mr. Lewis disputes this finding and asserts that the evidence of record demonstrates that he has met the necessary statutory whole person impairment threshold and is therefore entitled to further consideration of permanent total disability benefits.

The Office of Judges noted that Mr. Lewis has amassed 65% in prior permanent partial disability awards, which made his application for permanent total disability benefits reviewable by the Permanent Total Disability Review Board pursuant to West Virginia Code § 23-4-6(n)(1). The Office of Judges further noted that upon review of Mr. Lewis's request for permanent total disability benefits, the Permanent Total Disability Review Board concluded that Mr. Lewis has not met the 50% whole person threshold necessary for further consideration of permanent total disability benefits pursuant to West Virginia Code § 23-4-6(n)(1). The Office of Judges then concluded that based on the preponderance of the evidence, the Permanent Total Disability Review Board's finding that Mr. Lewis failed to meet the statutory whole person impairment threshold necessary for further consideration of permanent total disability benefits is reliable. The Board of Review reached the same reasoned conclusions in its decision of January 25, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3